UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DANIEL BROWN, # 341265, | ) | Civil Action No.: 4:14-cv-0357-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **ORDER** |
| WARDEN WILLIE EAGLETON and | ) | |
| E. HEYWARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.   INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights to be free from cruel and unusual punishment. Presently before the court are Plaintiff's Motions to Amend his Complaint (Documents # 36, 47), Motion to Compel Discovery (Document # 42), and Motions to Take Deposition (Documents # 43, 44, 53). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

**II.   MOTIONS TO AMEND COMPLAINT**

Plaintiff files two motions to amend his complaint. The deadline to file such motions was August 4, 2014. Plaintiff timely filed his first motion (Document # 36) on July 17, 2014. It is not clear how Plaintiff seeks to amend his complaint through this motion. He states that he is requesting leave to file an amended complaint "to state a claim upon relief can be granted." The only new information Plaintiff includes in his motion is a statement that Defendants violated his due process rights. Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely

when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Accordingly, allowing Plaintiff to add a claim that Defendants violated his due process rights would be futile because he fails to include any factual allegations to support such a claim. Thus, Plaintiff's first motion to amend his complaint should be denied.

Plaintiff filed his second motion to amend his complaint (Document # 47) on September 11, 2014, outside the scheduling order deadline. As such, this motion is denied as untimely.

### III.     MOTION TO COMPEL DISCOVERY

In Plaintiff's Motion to Compel, he seeks an order compelling Defendants to fully respond to his discovery requests. Plaintiff attaches to his motion a copy of Defendants' responses to his three discovery requests for production of documents. Plaintiff seeks SCDC's policy on "Excessive Use of Force," the disciplinary records of Defendants since being employed with SCDC, and any rules, regulations and policies of SCDC as to when an employee is allowed to use pepper spray. Defendants object to the production of the requested rules, regulations, and policies because they are restricted policies, the production of which could jeopardize the safety of inmates and employees at

SCDC. Defendants also cite security and privacy concerns in objecting to Plaintiff's request for their disciplinary records. A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. The undersigned recognizes the privacy concerns inherent in releasing personnel records of employees at a detention center. However, Defendants fail to identify the security risks in producing the excessive use of force policy or the rules, regulations and policies with respect to the use of pepper spray. Therefore, Plaintiff's motion to compel is denied in part and granted in part. However, if Defendants can point to particular security concerns with respect to the production of the excessive use of force policy or the rules, regulations and policies with respect to the use of pepper spray, they may seek reconsideration of this ruling within ten days of the date of this Order. Otherwise, Defendants are directed to produce the requested documents within fifteen days of the date of this order.

### IV.   MOTIONS TO TAKE DEPOSITIONS

Plaintiff has also filed three motions captioned either "Deposition" or Motion to Take Deposition." However, a review of these motions reveals that Plaintiff seeks to subpoena someone from the SCDC "Department of Policy Development" to appear at trial and bring certain documents. These requests for trial subpoenas are premature and, thus, denied as such with leave to refile should this case proceed to trial.

### V.   CONCLUSION

For the reasons discussed above, Plaintiff's Motions to Amend his Complaint (Documents # 36, 47) are **DENIED**, Motion to Compel Discovery (Document # 42) is **DENIED** in part and **GRANTED** in part, and Motions to Take Deposition (Documents # 43, 44, 53) are **DENIED**. As stated above, if Defendants can point to particular security concerns with respect to the production of the excessive use of force policy or the rules, regulations and policies with respect to the use of

pepper spray, they may seek reconsideration of this ruling within ten days of the date of this Order. Otherwise, Defendants must produce documents responsive to Plaintiff's requests for production within fifteen days of the date of this order. Further, Defendants' Motion for Summary Judgment is pending and Plaintiff's response is currently due December 18, 2014. Because the documents requested by Plaintiff could be relevant in responding to this motion, the deadline for Plaintiff to respond to Defendants' motion for summary judgment is extended to January 2, 2015.

**IT IS SO ORDERED**.

                                       s/Thomas E. Rogers, III
                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

November 21, 2014
Florence, South Carolina