UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Daniel Brown, #341265
        Plaintiff,

vs.

Warden Willie Eagleton and E. Heyward.
        Defendants.

Civil Action No.: 4:14-cv-0357-BHH

**Opinion and Order**

The plaintiff, Daniel Brown ("the plaintiff" or "Brown"), proceeding *pro se,* brought this 42 U.S.C. § 1983 action against the defendants (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC., the within action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that the defendants' motion for summary judgment be granted and the plaintiff's motion for default judgement and summary judgement be denied.

## BACKGROUND

The plaintiff brings this action against the defendants alleging that the defendants violated his constitutional right to be free from cruel and unusual punishment by using excessive force. On March 30, 2015, the Magistrate Judge issued a Report; and on April 16, 2015, the plaintiff filed his Objections. (ECF No. 86.) The Report and Recommendation sets forth the relevant facts which are copied below:

> On September 4, 2012, Defendant Sergeant Eugene Heyward was in the Waxhaw dorm letting inmates out of their cells to go to the canteen. Complaint p. 3; Report on the Use of Force and Incident Report (Ex. A to Heyward Aff.). Plaintiff was standing at his cell door waiting to go to canteen. Complaint p. 3. Heyward walked past Plaintiff's cell without letting him out to go to the canteen. Complaint p. 3. The parties dispute what happened next. Plaintiff states that he

attempted to get Heyward's attention by beating or banging or knocking on his cell door. Complaint p. 3; Disciplinary Hearing Transcript (Ex. E to Pl. Motion for Summary Judgment). In his Report on the Use of Force and His Incident Report, Heyward characterizes Plaintiff's actions as banging and kicking. Heyward gave Plaintiff several directives to stop banging and kicking his door, which Plaintiff ignored. Heyward Aff. ¶ 7; Report on the Use of Force and Incident Report. Heyward opened Plaintiff's cell door and administered 12 grams of Sabre Red Pepper Spray to Plaintiff's facial area. Complaint p. 3; Heyward Aff. ¶ 7; Report on the Use of Force and Incident Report. Plaintiff was seen by a nurse approximately five minutes after the use of the pepper spray. Report on the Use of Force. The nurse noted no injuries and instructed Plaintiff to wash his eyes out as needed. She also noted that Plaintiff left with no complaints. Report on the Use of Force; Medical Summary (Ex. B to Heyward Aff.).

(ECF No. 63 at 2.)

Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court, and the recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the

2

absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

In his objections, the plaintiff asserts that Heyward used excessive force "maliciously and sadistically for the very purpose of inflicting harm" rather than in a good faith effort to maintain or restore discipline (ECF No. 86.) *Whitley v. Albers*, 475 U.S. 312, 321 (1986). In support of his claim, he argues that because (1) Heyward could have threatened him with the loss of privileges instead of spraying him with mace, and because (2) there was a locked door between the plaintiff and Heyward, the use of even a small amount of mace was excessive and demonstrates bad faith on the part of Heyward. The Court finds the plaintiff's objections to be largely unpersuasive.

As the Magistrate Judge noted, the Fourth Circuit has indicated that the use of a limited amount of mace or other chemical munitions actually represents a restrained response that is preferable to other forms of force. See *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) ("a limited use of mace constitutes a relatively 'mild' tempered response by the prison officials").[1] The plaintiff does not distinguish this authority, but emphasizes that he was not a threat because he was locked in his cell. The Court rejects the argument that prison officials may not use mace or chemical munitions on disruptive prisoners who are locked in a cell and may only use write ups and the loss of privileges to secure compliance and maintain discipline. Such a rule would trample the

---

[1] Unlike other cases involving the use of chemical munitions, there is no allegation here that the plaintiff was denied adequate medical treatment or a reasonable opportunity to decontaminate following the use of the mace.

3

deference which prison officials are due and severely limit their ability to respond to disruptive inmates in fluid and potentially dangerous situations.

While the Court rejects the reasoning of the plaintiff's objections, it cannot adopt the Report because it concludes that there are genuine issues of material fact that preclude summary judgment. As the Magistrate Judge noted in the Report, the parties offer different accounts of what happened after Heyward declined to allow the plaintiff to go to the canteen and the plaintiff began striking the door. (*See* ECF No. 84 at 2 ("The parties dispute what happened next.").) As the Report indicates, Heyward claims that he repeatedly instructed the plaintiff to stop striking the door and deployed the mace when the plaintiff failed to comply. The plaintiff admits that he knocked on the door to get the guard's attention, but claims that he stopped knocking when he was instructed to do so and was, nevertheless, sprayed with mace. (*See* Aff. of Daniel Brown #341265, ECF No. 78-1 at 13; *see also* ECF No. 78-1 at 4-5.) Neither party has alleged that the plaintiff was warned that he would be sprayed with mace if he continued to bang on the door.

The Eighth Amendment analysis evaluates whether a prison official "acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams*, 77 F3d at 761. In evaluating the subjective component of the plaintiff's excessive force claim, the key question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley,* 475 U.S. at 320. "In *Whitley*, the Court outlined

four factors to consider when deciding if the prison official acted wantonly or maliciously: (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and (4) the efforts made to temper the severity of the force applied. *Tedder v. Johnson*, 527 Fed. Appx. 269, 272 (4th Cir. 2013)(unpublished).

In the application of the *Whitley* factors, the Court finds this case to be similar to *Wright v. Mack*, CIV.A. 5:12-02232, 2013 WL 3946286, at *1 (D.S.C. July 31, 2013), where Judge Cain denied summary judgment to a prison guard who was alleged to have sprayed a prisoner with mace for kicking his cell door. While the guard in that case is alleged to have used a much larger quantity of mace, the Court reaffirmed that the decisive element in a claim for excessive force is not the extent of the injury but rather the nature of and justification for the inflicted force. *See Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010).

Construing the facts in the light most favorable to the plaintiff, Heyward faced a single inmate who had been banging and kicking on his cell door, but had stopped as Heyward approached his cell. As in *Wright*, Heyward has not alleged that the plaintiff was inciting a riot, or that other inmates were following his example. Thus it is far from clear that the plaintiff's actions threatened prison officials or other inmates. Applying the *Whitley* factors, the Court finds that there is a genuine issue of fact as to whether the defendant's actions in spraying the plaintiff with mace were "applied in a good faith

effort to maintain or restore discipline." *Whitley,* 475 U.S. at 320, 106 S. Ct. 1078. Viewing the evidence in the light most favorable to the plaintiff as the non-moving party, the Court finds that there is a question of fact as to whether the plaintiff was banging and kicking in his cell when the defendant used mace on the plaintiff. Therefore, the Court is unable to find as a matter of law that the defendant had a need for application of force or that the plaintiff's alleged actions posed a threat to the safety of staff and inmates.

The Magistrate Judge noted that the amount of mace allegedly applied in this case is less than half the amount that this Court has characterized as "small" in other cases. *See Plummer v. Goodwin*, CIV.A. 8072741TLWBHH, 2010 WL 419927, at *7 n.4 (D.S.C. Jan. 29, 2010) (describing 33.50 grams as "a relatively small quantity"); *Robinson v. S. Carolina Dept. of Corrections*, CA 5:10-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar. 13, 2012) *aff'd,* 474 Fed. Appx. 970 (4th Cir. 2012)(unpublished) (describing 31 grams as a "relatively small amount"). While the amount of mace or chemical munitions used is certainly relevant to the determination of excessive force, the cases cited above should not be read to suggest that, as a matter of law, there is a quantity of mace that can be sprayed into a prisoner's face without adequate justification. Furthermore, if the facts, when viewed in the non-moving party's favor, "permit the conclusion that no force was necessary at all," the "amount of force factor" will favor the prisoner. *Tedder*, 527 Fed. Appx. At 273.

Regarding the objective component that the injury was sufficiently serious, the Magistrate Judge noted that the plaintiff was seen by a nurse soon after the use of pepper spray and that she noted no injuries. (*See* ECF No. 84 at 6.) However, the absence of significant injury is relevant but not dispositive in a claim of excessive force. *See Wilkins*, 559 U.S. at 37-39. If the force was applied maliciously and sadistically, liability cannot be avoided simply because the prisoner "had good fortune to escape serious harm." *Id.* at 38. Again, whether the force was applied maliciously and sadistically in this case depends on whose account is accepted. While the Court recognizes that prisoners often have a motive to retaliate against prison officials by making false accusations, in this case the plaintiff has alleged enough to reach a jury.

The plaintiff argues that Eagleton is Heyward's supervisor and the plaintiff seeks to hold him responsible for Heyward's actions. Under *Shaw v. Stroud*, 13 F. 3d 791 (4th Cir. 1994), the plaintiff must establish three elements to prevail on a theory of supervisory liability in a § 1983 action: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff*." Id*. at 799. The Court agrees with the Magistrate Judge that the plaintiff fails to present any evidence to support any of these elements. (ECF No. 84.)

Finally, the defendants also argue that they are entitled to qualified immunity on the plaintiff's claims. "When evaluating qualified immunity, the Court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan,* 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). In determining whether the right violated was clearly established, the Court defines the right "in light of the specific context of the case—that is, if it was not clear to a reasonable [official] that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.*

The Court finds that, at the time of the alleged misconduct, it was clearly established that it was a violation of the Eighth Amendment for a prison official to use chemical munitions in quantities greater than necessary or for the sole purpose of infliction of pain. *See Williams,* 77 F .3d at 763. Thus it would be readily apparent to a reasonable prison guard that he could not mace a prisoner as a form of punishment for unruly behavior that was no longer occurring. Thus the Court finds that the defendant Heyward is not entitled to qualified immunity on the plaintiff's claims. The Court agrees with the Magistrate that the plaintiff's motion for summary judgment and default judgment should be denied.

**CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that while the plaintiff's objections are unavailing, it cannot adopt the Magistrate Judge's Report in full because there is a genuine issue of material fact regarding the events that led to the plaintiff being sprayed with mace. It is therefore

ORDERED that the defendant's motion for summary judgment (ECF No. 63.) is **DENIED** as to the defendant Heyward and **GRANTED** as to the defendant Eagleton The plaintiff's motion for summary judgement (ECF No. 78.) is **DENIED**.

**IT IS SO ORDERED.**

                                              /s/ Bruce Howe Hendricks
                                              United States District Judge

September 30, 2015
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.